**UNITED STATES COURT OF APPEALS**

**Filed 8/6/96**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HAROLD JOE ROMERO,

    Defendant-Appellant.

No. 96-2064
(D.C. No. CIV-95-929-JC)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Harold Joe Romero, pursuant to 28 U.S.C. § 2255, filed a motion in the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court attacking his federal conviction for distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Mr. Romero argued that his criminal prosecution was barred by the Double Jeopardy Clause because the United States had already punished him by forfeiting several items of his personal property pursuant to 21 U.S.C. § 881. Following the recommendations of a federal magistrate, the district court denied Mr. Romero's § 2255 motion. Mr. Romero appealed. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253.[1] We affirm.

Though the issue Mr. Romero raises might have been a difficult one at the time he filed his brief, it is difficult no longer. According to the Supreme Court's recent decision in *United States v. Ursery*, 116 S. Ct. 2135 (1996), civil forfeiture pursuant to 21 U.S.C. § 881 does not amount to punishment for the purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Accordingly, Mr. Romero's contention that he was put under double

---

[1] Though neither Mr. Romero nor the United States has addressed the issue, there is a question as to whether Mr. Romero is required to secure a certificate of appealability under the changes made to 28 U.S.C. § 2253 by section 102 of the newly enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Given that Mr. Romero's claim so clearly fails on its merits, we see no reason to explore whether he should have applied for a certificate of appealability. Assuming such a certificate is required, we grant it.

jeopardy must fail.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge